IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERNARD S. LEE, )
334 Auburn Ave.,N.E., Atla., Ga. )
    Plaintiff, )
)
vs. ) CIVIL ACTION NO. 76-1185
)
CLARENCE M. KELLEY, CARTHA ) FOR:
DeLOACH, WILLIAM C. SULLIVAN, ) First, Fourth & Fifth
JOHN P. MOHR, Executor of the ) Amendments & Production of
Estate of CLYDE A. TOLSON, ) Recording Tapes
deceased, and TWO UNKNOWN )
AGENTS, individually and as )
agents of the FEDERAL )
BUREAU OF INVESTIGATION, )
) Jury Requested
    Defendants. )

F I L E D
OCT 14 1976
JAMES F. DAVEY, Clerk

## AMENDED COMPLAINT

Pursuant to Rule 15(a), a responsive pleading not having been filed, plaintiff files herewith his Amended Complaint and alleges that:

1. This action arises under the First, Fourth and Fifth Amendments to the Constitution of the United States, and 18 U.S.C. §2511, et seq. Jurisdiction is predicated upon 28 U.S.C. §1331 and §1343(4). The matter in controversy exceeds, exclusive of interest and costs, the sum of TEN THOUSAND DOLLARS.

2. Plaintiff, a Black American minister of the gospel, is a resident of the City of Atlanta, State of Georgia; and at all times material, plaintiff was the Executive Assistant to the Reverend Dr. Martin Luther King, Jr., deceased, who was the President of the Southern Christian Leadership Conference, at all relevant times, until he was killed on April 4, 1968.

3. Defendant, CLARENCE M. KELLEY, is presently the Director of the FEDERAL BUREAU OF INVESTIGATION (F.B.I.), with supervisory

authority over the property and personnel of the F.B.I., an agency of the U.S. Government, with offices in the District of Columbia. Defendants, CARTHA DeLOACH, WILLIAM C. SULLIVAN and TWO UNKNOWN AGENTS, are or were agents of the F.B.I., at all times material. Defendant, JOHN PHILLIP MOHR, is the Executor of the Estate of CLYDE A. TOLSON, deceased, who was the Assistant Director of the F.B.I., at all times material. The TWO UNKNOWN AGENTS are F.B.I. agents whose names are not now known but who were persons subject to the direction, supervision and control of defendants, CARTHA DeLOACH, WILLIAM C. SULLIVAN and CLYDE A. TOLSON, in the perpetration of the wrongful and inequitable acts complained of herein.

4. In the Spring of 1963, plaintiff, and several other persons met and assembled in a private room which had been rented by plaintiff for the use of the late Dr. King, at the Willard Hotel, in Washington, D.C., for the purpose of furthering their First Amendment rights by planning methods to petition their government for redress of the civil rights of minorities, when their right of privacy was violated, as hereinbelow described.

5. Upon information and belief, said session was surreptitiously bugged by trespass, or by other illegal means of intrusion into their privacy, and plaintiff's, and his conferrers' words were tape recorded, or were otherwise appropriated by defendants, their decedents, acting jointly or severally, (except KELLEY), or some of them, together with the late Director of the F.B.I.

6. Further, defendants (except KELLEY) as aforesaid, mailed anonymously a copy of said tape to the spouse of the late Dr. Martin Luther King, Jr., about November 1, 1964, thereby disclosing,

- 2 -

publishing and divulging the contents of said tape recording. Moreover, the person who actually did the mailing may have made a copy of said tape for himself, or for others unknown, for further publication, to plaintiff's damage.

7. From 1964 until recent date, when the news media published the report of the Select Committee of the U.S. Senate, to study the F.B.I., plaintiff had no knowledge of the source of said tape recording so that he might seek its suppression. Moreover, he has been further informed, of recent date, and believes that said wrongfully and inequitably obtained tape recording has been further disclosed to newsmen and newswomen, and others in and out of government, which therein further held up the plaintiff, and his conferrers, to ridicule and contempt. Since the first disclosure to Mrs. King in 1974, plaintiff has lived in constant emotional stress and mental discomfort and fear for himself, his conferrers and others, of the resulting harm if there should be any further disclosure and publication of said tape recording, or its transcription.

8. Moreover, plaintiff is also recently informed and believes that said tape recording was but one of amny interceptions, by illegal methods unknown to plaintiff but believed to be by trespass of plaintiff's oral and wire conversations by defendants, aforesaid; and that some of which acts may have been subsequent to the enactment, in 1968, of 18 U.S.C. §2511 et seq. Moreover, plaintiff is informed and believes that said other such tape recordings have been published to persons outside of the F.B.I., and government, which has further resulted in plaintiff's emotional stress, mental discomfort and embarrassment, and plaintiff has been otherwise inhibited and chilled, and thus damaged by his right to

- 3 -

assemble in private to discuss the various methods by which he might petition his government for the redress of the rights of minorities.

9. Because of past leaks of invasions of plaintiff's personal and associational privacy, he believes that said 1963 tape recording, and other tape recordings obtained by illegal intrusion and appropriation of plaintiff's private, oral and wire conversations, may be again, in the future, be leaked; and that plaintiff, and other innocent persons who may have been parties to, or spoken about, in said conversation, will be irreparably harmed and injured if defendant, KELLEY, is not caused to be required to deliver all of said tapes to the Court to be impounded, together with all copies thereof, memorandum, transcripts and other materials arising out of said illegal activities of defendants, their decedent, acting jointly and severally, (except KELLEY).

10. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff prays the Court to order, adjudge, declare, and decree that:

1. The defendant, CLARENCE M. KELLEY, CARTHA DeLOACH, WILLIAM C. SULLIVAN, JOHN P. MOHR, and TWO F.B.I. AGENTS, whose names are now unknown, be manditorily enjoined, and required, under a protective order of the Court, to produce all of said tape recordings of and concerning the plaintiff, his friends and associates who communicated with him orally and by wire, and all copies and transcripts thereof, upon a special finding that said recordings of oral and wire conversations were appropriated from plaintiff by illegal and inequitable means

- 4 -

and methods, which were beyond the outer perimeter of defendants' (except KELLEY) line of duty, and without good faith.

2. That plaintiff have recompense jointly and severally against defendants and their decedent (except KELLEY) in sum of ONE MILLION DOLLARS, his costs, and that he have such other and further relief in Equity as the Court deems meet.

_____
Ms. PATRICIA WORTHY
666 - 11th Street, N.W.
Washington, D.C. 20001
202/727-5432

_____
CHAUNCEY ESKRIDGE
110 South Dearborn Street
Chicago, Illinois 60603
312/372-1106

- 5 -

STATE OF ILLINOIS )
) ss.
COUNTY OF COOK )

CHAUNCEY ESKRIDGE, being first duly sworn, deposes and says that he is attorney and agent for the plaintiff in the above-entitled cause, that he has read the above and foregoing Amended Complaint by him subscribed; that he is familiar with the facts therein alleged and the same are true, except matters stated upon information and belief, which he believes to be true.

_____

SUBSCRIBED and SWORN to before me this 2nd day of September, 1976.

_____
NOTARY PUBLIC