IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bernard S. Lee,<br><br>    *Plaintiff,*<br><br>v.<br><br>Clarence M. Kelley, *et al.*,<br><br>    *Defendants.* | Civil Action No. 76-1185 (RJL) |
| Southern Christian Leadership Conference,<br><br>    *Plaintiff,*<br><br>v.<br><br>Clarence M. Kelley, *et al.*,<br><br>    *Defendants.* | Civil Action No. 76-1186 (RJL) |

**MEMORANDUM ORDER**
November 18th, 2025 [Dkt. #2]

From 1963 to 1968, the Federal Bureau of Investigation ("FBI") surveilled Martin Luther King, Jr. ("Dr. King"), Bernard Lee ("Lee") (an associate of Dr. King), and other Southern Christian Leadership Conference ("SCLC") employees. On June 25, 1976, plaintiffs Lee and SCLC filed two civil actions against the Director of the FBI and several FBI agents, alleging that the FBI's surveillance of them was unconstitutional. Docket Sheet [Dkt. #1] at 1–2; Lee Am. Compl [Dkt. #2-1] ¶¶ 4–5, 8; SCLC Am. Compl. [Dkt. #2-2] ¶¶ 5–8. In 1977, a member of this Court (Judge John Lewis Smith) dismissed the suits, finding that the damages claims were time-barred. Gov't Mot. [Dkt. #2], Ex. C,

Mem. Op. & Order (Jan. 31, 1977) [Dkt. #2-3] at 3. As to the claim for equitable relief, which sought a judgment directing that all the tapes in issue be destroyed, the parties agreed to a fifty-year sealing of the records. *Id.* at 4; *Southern Christian Leadership Conference v. Kelley*, 747 F.2d 777, 778 (D.C. Cir. 1984). Judge Smith then entered judgment sealing the records and ordered that the FBI turn them over to the National Archives and Records Administration. Mem. Op. & Order at 3–4. It expires on January 31, 2027. *See id.*

On January 23, 2025, President Trump signed an executive order that instructs, in relevant part, that the Director of National Intelligence and the Attorney General review records related to Dr. King's assassination and present a plan "for the full and complete release of these records." *See* 90 Fed. Reg. 8641 (Jan. 31, 2025). Now, the Government seeks to lift the Court's sealing order prior to its expiration in order to comply with the President's directive. *See* Gov't Mot.; Gov't Reply [Dkt. #10]. SCLC opposes the motion. *See* Pl.'s Opp'n [Dkt. #8]. For the reasons set forth below, the Court will **DENY** the motion.

The Government has not shown that there is good cause to unseal the records. It argues that "there is a strong public interest in the assassination of the Reverend King" and that "the records have remained shielded from the public for long enough." Gov't Mot. at 3–5. According to the Government, "the King family and the American public 'deserve transparency and the truth' about what occurred." *Id.* at 3–4. The Court does not doubt that the public is interested in the records, but the Government admits itself that the public does not have a *right* to access them. *See id.* at 3 n.1 (surveillance records are not judicial records); *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964

2

F.3d 1121, 1127 (D.C. Cir. 2020) (right of public access applies to judicial records). Moreover, the King family opposes the unsealing of the surveillance records due to their sensitive nature. *See* Pl.'s Opp'n, Ex. 2, Decl. of Martin Luther King III [Dkt. #8-2] ¶¶ 7, 10, 11; *id.*, Ex. 3, Decl. of Dr. Bernice King [Dkt. #8-3] ¶¶ 9–12. The Court also disagrees with the Government's assertion that the records have been sealed for "long enough." *See* Gov't Mot. at 4. The parties agreed to seal the records for fifty years, and SCLC (the surviving plaintiff) opposes prematurely lifting the seal. The Court will not unseal the records over SCLC's objection, especially since the seal causes a mere delay to the Director of National Intelligence and the Attorney General. The parties should use the remaining time before the sealing order expires to formulate a plan that minimizes unnecessary harm and embarrassment to the parties.

Accordingly, it is hereby

**ORDERED** the Government's Motion to Unseal [Dkt. #2] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge