**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE,**<br><br>Plaintiffs,<br>v.<br><br>**CLARANCE M. KELLEY, *et al.*,**<br><br>Defendants. | Civil Action No.: 76-1186 |

## PLAINTIFF'S MOTION FOR CORRECTION OR RELIEF FROM ORDER REGARDING THE EXPIRATION OF THE 1977 SEALING ORDER

This Court recently denied the government's motion to prematurely lift the 50-year seal on the surveillance records underlying this case. In so doing, it identified January 31, 2027, as the date the seal will be lifted. *See* Doc. 16, Nov. 18, 2025 Order (the "Order"). This appears to be a mistake. Under the terms of the January 31, 1977 Sealing Order, the seal did not take effect—and the 50-year clock did not begin ticking—until January 23, 1978. The Southern Christian Leadership Conference ("SCLC") moves under Federal Rule of Civil Procedure 60(a), or in the alternative Rule 60(b)(1), for an order correcting this mistake. Such correction is necessary to facilitate compliance with the Court's admonition that SCLC and the Government "formulate a plan that minimizes unnecessary harm and embarrassment to the parties" before the seal expires. Order at 3.

**Factual Background**

1. SCLC brought this action in 1976 challenging the legality of the Federal Bureau of Investigations' ("FBI") surreptitious surveillance of Dr. Martin Luther King, Jr. and SCLC in an effort to undermine their work and dilute their impact. *See* Doc. 2-2, SCLC's Amended Complaint. Relevant here, it sought an order requiring the destruction or impoundment of the surveillance files. *Id.* at 5.

2. On January 31, 1977, this Court ordered that the surveillance records (the "MLK Files") be "turned over, under seal, to the Archivist of the United States." Doc. 2-3, Memorandum Opinion and Order, at 3.

3. Logistics-wise, the Court gave the FBI 90 days to compile the MLK Files. Then, "at the expiration of said ninety (90) day period," the FBI was required to deliver "under seal an inventory of said tapes and documents" to the Court and to "deliver said tapes and documents to the custody of the National Archives and Records Service, to be maintained by the Archivist of the United States under seal for a period of fifty (50) years." *Id.* at 4.

4. Stated differently, the Sealing Order contemplated that the seal would go into effect 90 days later (because there were no files for the Archivist to seal until the FBI delivered them to the Archivist).

5. That is not exactly how things played out though. Only the first batch of files was delivered within the 90-day window: the FBI made its first delivery to the National Archives on April 29, 1977, but it requested two extensions of time to finish

and did not make its last delivery until January 23, 1978. *See* Doc. 8-1, 1976 Docket Sheet, at 5.

6. Last year, the Government moved to prematurely lift the seal, purportedly to facilitate compliance with an executive order directing the release of information about the assassination of Dr. King. Doc. 2, Government's Motion to Unseal Tapes and Documents ("Mot. to Unseal"), at 4. According to the Government, the seal is set to expire on January 31, 2027, but it wanted access to the files sooner. *Id.* at 4; Doc. 10, Government's Reply Brief, at 3 n.2.

7. SCLC opposed this request. In so doing, SCLC identified a different unsealing date. *See* Doc. 8, SCLC's Response to Motion to Unseal, at 5. SCLC reasoned that the seal should run 50 years from the date the last batch of files was delivered to the Archivist, so that all files would receive the benefit of the 50-year seal. *See id.*[1]

8. The Court heard argument on the motion. During the hearing, the Court suggested that it agreed with SCLC's read of the Sealing Order with respect to when the seal would lift. *See* June 4, 2025, Hearing Transcript 6:2-11 ("I think it is in the fall of two years from now, '27 . . . I am not certain, but that is my impression.").

[1] SCLC mistakenly identified October 26, 2027, as the proper expiration. *Id.* It had inadvertently relied on the date of the penultimate delivery of surveillance files to the National Archives rather than the final one. *See* 1976 Docket Sheet at 5 (noting file delivery on October 26, 1977, and again on January 23, 1978).

9. The Court ultimately denied the Government's motion, declining to unseal the MLK Files early. *See* Order. It noted, without explanation, that the seal will expire on January 31, 2027. *Id.* at 2.

10. The Court also urged the parties to "use the remaining time before the sealing order expires to formulate a plan that minimizes unnecessary harm and embarrassment to the parties." *Id.* at 3.

## Discussion

The Court's statement in the Order that the seal "expires on January 31, 2027," *id.* at 2, should be corrected to say that the seal expires on January 23, 2028, under Rule 60(a) because "the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 449 (D.D.C. 2019) (cleaned *up), aff'd sub nom. Jordan v. U. S. Dep't of Lab.*, No. 19-5201, 2020 WL 283003 (D.C. Cir. Jan. 16, 2020). To the extent the Court made a substantive finding that the seal will expire on January 31, 2027, SCLC instead seeks relief under Rule 60(b)(1) to cure the Court's legal error. *See* Fed. R. Civ. P. 60(b)(1) (providing relief from an order based on ""mistake, inadvertence, surprise, or excusable neglect"); *Kemp v. United States*, 596 U.S. 528, 534 (2022) ("Rule 60(b)(1) includes a judge's errors of law.").

### I. The Court should issue a correction under Rule 60(a) because it seems to have inadvertently adopted January 31, 2027, as the unsealing date.

Rule 60(a) empowers a Court to correct errors of "expression." *Johnson*, 331 F.R.D. at 449 (explaining that Rule 60(a) can be used to correct clerical errors, not a

court's "conscious decision"); *see also* Fed. R. Civ. P. 60(a) (allowing a court to correct errors of "oversight or omission"). It applies when the record indicates that the court intended to do one thing but accidentally did another. *Johnson*, 331 F.R.D. at 449. The Court's reference to a January 31, 2027 seal expiration date qualifies.

*First*, a correction appears necessary because under the plain language of the Sealing Order, it is impossible for the seal to expire on January 31, 2027. On January 31, 1977, the Court ordered a 50-year duration for the seal. Sealing Order at 4. But the seal did not go into effect right away; the Court gave the FBI 90 days (until May 1, 1977) to compile the MLK files and give them to the Archivist. *Id.* Then the files would be sealed. *Id.* The FBI did not deliver any files until April 29, 1977. Doc. 8-1, 1976 Docket Sheet, at 5. So the earliest the seal could possibly expire is April 29, 2027.

But that would be cutting short the life of the seal on a chunk of the documents. The FBI delivered the MLK Files to the Archivist in four different batches. *See* 1976 Docket Sheet at 5 (reflecting delivery dates on Apr. 29, 1977, July 28, 1977, Oct. 27, 1977, and Jan. 23, 1978). Importantly, the final batch was not delivered until January 23, 1978—nearly a year after the Sealing Order issued. *Id.* To give full effect to the intent of the Sealing Order—to maintain the seal on the MLK Files for a period of 50 years—that should be the date the 50-year clock starts ticking, meaning that the seal does not expire until January 23, 2028.

*Second*, the record reflects that the Court did not mean to adopt the Government's incorrect position about the expiration date. At the hearing on the

motion to unseal, the Court said it was under the same "impression" as SCLC about when the seal would lift. *See* June 4, 2025 Hrg. Tr. 6:2-11. That's why SCLC believes that the Court inadvertently identified January 31, 2027, as the expiration date instead of January 23, 2028.

The Court should correct this error. *See* Rule 60(a) (giving the court discretion to correct errors). While the seal expiration date does not go to the merits of the order properly denying the Government's motion to unseal, its implications are significant. SCLC looks forward to working with the Government to "formulate a plan" for dealing with the MLK Files once the seal expires. Order at 3. But the erroneous end date referenced in the Order cuts the time to do that in half. Given the volume of the MLK Files, that time (about 12 months) is critical. Correcting the error now will also help avoid unnecessary litigation if the parties cannot reach resolution on their own and the Government attempts to prematurely unseal and unveil the records come January 31, 2027.

## II. If the reference to a January 31, 2027 expiration date was intentional, it was a legal error that should be corrected.

To the extent the error identified here is one of "substance, not expression," *Jordan*, 331 F.R.D. at 449, SCLC seeks relief under Rule 60(b)(1) instead. *Kemp*, 596 U.S. at 534 (explaining that Rule 60(b)(1) can be used to correct legal errors).

As explained, a finding that the seal went into effect on January 31, 1977, is necessarily based on a legally incorrect read of the Sealing Order. The earliest any files could have been sealed is the date that the first batch of files came into the Archivist's possession—April 29, 1977. *See* 1976 Docket Sheet at 5. But there is no

logical (or legally sound) reason to exclude the subsequent batches—up to the final one on January 23, 1978—from the seal's ambit. The Sealing Order plainly contemplated a 50-year seal on the entirety of the MLK Files. *See* Sealing Order at 4.

For these reasons, the Court should grant SCLC's motion for correction and reissue the Order identifying January 23, 2028, as the correct expiration date.

Respectfully submitted this 14th day of January, 2026.

*/s/ Sumayya Saleh*
Edward G. Caspar, D.C. Bar No. 1644168
Sumayya Saleh, D.C. Bar No. 1743427
Olivia N. Sedwick, D.C. Bar No. 19006628
Chavis Jones, D.C. Bar No. 1739219
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Phone: (202) 662-8600
ecaspar@lawyerscommittee.org
salehs@lawyerscommittee.org
osedwick@lawyerscommittee.org
cjones@lawyerscommittee.org

*Counsel for Southern Christian Leadership Conference*

**Rule 7(m) Certificate of Conference**

I conferred with counsel for the Government about the relief requested in this motion. The Government opposes the request.

*/s/ Sumayya Saleh*