UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE,**<br><br>  Plaintiffs,<br>v.<br><br>**CLARANCE M. KELLEY,** *et al.*,<br><br>  Defendants. | Civil Action No.: 76-1186 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
CORRECTION OR RELIEF FROM ORDER
REGARDING THE EXPIRATION OF THE 1977 SEALING ORDER**

The sealing order in this case contemplates that the MLK Files will remain under seal with the National Archivist for a period of 50 years. Doc. 2-3, Mem. Op. and Order, at 3-4 ("Sealing Order"). Because some of the files were not delivered to the Archivist until January 23, 1978, *see* Doc. 8-1, 1976 Docket Sheet, at 5, the seal may not expire until January 23, 2028. In a recent order, this Court, identified January 31, 2027, as the operative unsealing date. *See* Doc. 16, Nov. 18, 2025 Order, at 2 (the "Order"). But this was an error. The Court had previously indicated that the seal lasted beyond that date. *See* June 4, 2025 Hearing Transcript 6:2-11. The Southern Christian Leadership Conference ("SCLC") thus moved to correct this portion of the Order. Doc. 17, Mot. to Correct (the "Motion"). The Government insists

1

that there was no mistake. Doc. 18, Gov't Resp. to Mot. to Correct (the "Response"). SCLC addresses the flaws in the Government's logic.

First, the Government misreads SCLC's argument to mean that "the Court would have left a one-year gap between its January 31, 1977, order and the commencement of the seal, during which the surveillance records could have been disclosed by either the FBI, which was collecting them, or the Archivist, which was receiving them in tranches." Response at 7. The Court left no such gap. In its Sealing Order, the Court first directed that "the records themselves shall be turned over, *under seal*, to the Archivist of the United States." Sealing Order at 3. The "records" were the tapes and documents at issue. *See id*. The Court then prescribed, in the same order, that the FBI "deliver to this Court under seal an inventory of said tapes and documents and shall deliver said tapes and documents to the custody of the National Archives and Records Service, to be maintained *by the Archivist* of the United States under seal for a period of fifty (50) years[.]" *Id.* at 4 (emphasis added).

Two things are clear from the Sealing Order: first, that the FBI itself was to assemble the records and deliver them *under seal* to the Archivist, and second, that *the Archivist* was *then* to maintain the records under seal for 50 years. At no time did the Sealing Order permit a gap that would allow the FBI to disclose the records before delivering them to the Archivist. And the Archivist could not maintain under seal records that it did not yet possess. The Archivist's 50-year clock could not begin to run until it had the records.

Relatedly, the Government claims that SCLC's interpretation must be wrong because it would "result in a longer seal for most of the records." Response at 8. That is not a problem, though. Under the Sealing Order, the MLK Files in their entirety must be sealed for 50 years; it does not permit some of the records to be unsealed earlier. If all of the MLK Files are sealed for 50 years and some are sealed for longer, that does not violate the Sealing Order. In contrast, the Government's proposal would allow some of the records to be released before the 50-year seal has expired, contravening the Sealing Order. Keeping the seal in place until January 23, 2028, is the only way to "give full effect to the intent of the Sealing Order" and ensure that *all* the MLK Files get the benefit of the 50-year seal. Motion at 5. Any conclusion to the contrary would "cut[] short the life of the seal on a chunk of the documents." *Id.*

Finally, the Government argues that "adopting SCLC's position that the seal will last until 2028 conflicts with the longstanding understanding of scholars and the public that the seal will expire in 2027." Response at 9. But the record belies that conclusion. And the mistaken understanding of the scholars the Government cites provides no basis to alter the Sealing Order.

The Court should issue an order under Rule 60 clarifying that the seal on the MLK Files will not expire until January 23, 2028.[1]

                                           */s/ Sumayya Saleh*
                                           Edward G. Caspar, D.C. Bar No. 1644168
                                           Sumayya Saleh, D.C. Bar No. 1743427
                                           Olivia N. Sedwick, D.C. Bar No. 19006628
                                           Chavis Jones, D.C. Bar No. 1739219

---

[1] SCLC believes Rule 60(a) applies. Motion at 4-6. The Government disagrees. Response at 4-7. Ultimately, only the Court can speak to whether it made a clerical error. But either way, Rule 60(b)(1) provides an avenue for relief.

>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
>1500 K Street NW, Suite 900
>Washington, D.C. 20005
>Phone: (202) 662-8600
>ecaspar@lawyerscommittee.org
>salehs@lawyerscommittee.org
>osedwick@lawyerscommittee.org
>cjones@lawyerscommittee.org
>
>*Counsel for Southern Christian Leadership Conference*