### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Southern Christian Leadership Conference,

    *Plaintiff,*

*v.*

Clarence M. Kelley, *et al.*,

    *Defendants.*

Civil Action No. 76-1186 (RJL)

### MEMORANDUM ORDER
July 20th, 2026 [Dkt. #17]

On November 19, 2025, I denied the Government's request to unseal early the Federal Bureau of Investigation's surveillance files on Dr. Martin Luther King, Jr. and his associates. *See* Mem. Order [Dkt. #16]. In my order, I noted that the seal will expire on January 31, 2027. *See id.* at 2. Plaintiff, the Southern Christian Leadership Conference, has moved to correct the date that the seal will expire to January 23, 2028. *See* Pl.'s Mot. for Correction or Relief from Order Regarding the Expiration of the 1977 Sealing Order [Dkt. #17]. Because there is no basis under Federal Rule of Civil Procedure 60 to correct the date, I will **DENY** plaintiff's motion.

### BACKGROUND

In 1976, the Southern Christian Leadership Conference ("SCLC") sued various federal defendants over the Federal Bureau of Investigation's surveillance of Martin Luther King, Jr. from 1963 to 1968. *See* Mem. Order [Dkt. #16] at 1. On January 31, 1977, the district court ordered that "within ninety (90) days of the date of the entry of this Order,

the Federal Bureau of Investigation shall assemble at its headquarters in Washington, D.C.,
all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's
microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president,
Martin Luther King, Jr." along with files "resulting from the FBI's telephone wiretapping."
Ex. Mem. Op. & Order ("Mem. Op. & Order") [Dkt. #2-3] at 3–4. The district court further
ordered as follows:

> [A]t the expiration of the said ninety (90) day period, the Federal Bureau of
> Investigation shall deliver to this Court under seal an inventory of said tapes
> and documents and shall deliver said tapes and documents to the custody of
> the National Archives and Records Service, to be maintained by the Archivist
> of the United States under seal for a period of fifty (50) years[.]

*Id.* at 4.

On March 17, 2025, the Government moved to unseal the records immediately. *See*
Mot. to Unseal [Dkt. #2]. One issue disputed by the parties was the correct expiration date
of the seal. The Government represented that the seal expires on January 31, 2027, fifty
years after the district court's January 31, 1977 order. *See* Gov't Reply [Dkt. #10] at 3.
SCLC argued that the seal expires on October 26, 2027, fifty years after the date of the
final delivery of documents to the National Archives. *See* Pl.'s Opp'n [Dkt. #8] at 5. When
I denied the Government's motion to unseal, I noted that the seal will expire on January
31, 2027. *See* Mem. Order at 2.

On January 14, 2026, SCLC filed a Motion for Correction or Relief from Order
Regarding the Expiration of the 1977 Sealing Order ("Mot. to Correct") [Dkt. #17]. SCLC
asks for an amendment saying that the seal expires on January 23, 2028. *See id.* The

Government opposes. *See* Opp'n by U.S. to the Mot. to Correct ("Gov't Opp'n") [Dkt. #18]. The motion is ripe.

## LEGAL STANDARD

Rule 60(a) permits courts to correct a "clerical mistake or a mistake arising from oversight or omission." *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 449 (D.D.C. 2019) (quoting Fed. R. Civ. P. 60(a)). However, Rule 60(a) is construed "narrowly" and "may not be invoked to 'change the substance or order of a judgment.'" *Id.* (quoting *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015)). "It only applies when the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Id.* (internal quotation marks omitted).

Rule 60(b)(1) permits courts to "grant relief from a judgment involving 'mistake, inadvertence, surprise, or excusable neglect.'" *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 225 (D.D.C. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). A "'mistake' under Rule 60(b)(1) includes a judge's errors of law" and is not limited to "'obvious' legal mistakes." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

## ANALYSIS

Relief is not available under Rule 60(a) because there is no indication in the record that the Court intended to say January 23, 2028—a date that neither party argued for—instead of January 31, 2027. Rule 60(a) is reserved for "clerical mistake[s]" or "mistake[s] arising from oversight or omission." Fed. R. Civ. P. 60(a). SCLC points to the hearing transcript to argue that the Court intended a date besides January 31, 2027. At best, the transcript indicates that the Court thought fall of 2027 was the expiration date, but I

3

expressly stated that I was "not certain." Mot. Hr'g Tr. [Dkt. #11] at 6:11. There is no evidence that the expiration date falls into the "small subset of mistakes that can be categorized as clerical." *Greenspan v. Exec. Off. for U.S. Att'ys*, 2023 WL 12137661, at *2 (D.D.C. Nov. 21, 2023).

Relief under Rule 60(b)(1) is also not available because SCLC has not established that there was a legal "mistake." SCLC argues that January 23, 2028 is the correct date because "the final batch" of documents "was not delivered until January 23, 1978" to the National Archives. Mot. to Correct at 5. But as the Government points out, there was another delivery of documents to the National Archives on November 6, 1983. *See* Gov't Opp'n at 3; *see also* Civil Docket Sheet [Dkt. #1] at 6. SCLC's theory that the fifty-year period began to run after the "final" delivery of documents is therefore both factually mistaken and unsupported by the text of the district court's order. *See* Mem. Op. & Order at 4 (ordering, on January 31, 1977, that the documents be "maintained by the Archivist . . . under seal for a period of fifty (50) years").

Accordingly, it is hereby **ORDERED** the plaintiff's Motion for Correction or Relief from Order Regarding the Expiration of the 1977 Sealing Order [Dkt. #17] is **DENIED**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

4