**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE,<br>*Plaintiff*,<br>v.<br>CLARENCE M. KELLEY, *et al.*,<br>*Defendants*. | Civil Action No. 76-1186 |

**MOTION BY SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE**
**TO CLARIFY THE COURT'S ORDER AND TO EXPEDITE CONSIDERATION**

In 1977, the Court instructed the Federal Bureau of Investigation ("FBI") to "assemble . . . all known copies of the recorded tapes, and transcripts thereof" resulting from surveillance of Southern Christian Leadership Conference ("SCLC") President Reverend Dr. Martin Luther King, Jr. and "all known copies of the tapes, transcripts, and logs" resulting from wiretapping of Dr. King and SCLC's offices. Mem. Op. & Order, Dkt. No. 2-3 at 4. Then, the FBI was directed to deliver "said tapes and documents" to the National Archives and Records Administration ("NARA") to be maintained under seal for fifty years. *Id.*

In November 2025, this Court reaffirmed that Order and instructed the parties to use the remaining time "before the sealing order expires [on January 31, 2027] to formulate a plan that minimizes unnecessary harm and embarrassment to the parties." *See* Mem. Order, Dkt. No. 16.

Now, plaintiff SCLC has learned of a development that risks premature disclosure of those files. On October 1, 2026, the archival records of the United States Senate Select Committee to Study Governmental Operations with Respect to Intelligence Activities (the "Church Committee") become eligible for public release pursuant to S. Res. 474, 96th Cong. (1980). The Church

Committee evaluated the FBI's unlawful surveillance of SCLC and Dr. King and reviewed FBI memoranda documenting this surveillance. This review occurred before the 1977 sealing order in this case, and documents subject to this Court's sealing order therefore may be included in the set of Church Committee documents set for release this October.

Consistent with this Court's November 2025 order for the parties to confer on a plan to minimize unnecessary harm and embarrassment, SCLC contacted the government on September 14, 2026, regarding the potential premature release of sealed records. The government expressed doubt that this Court's Order would cover any Church Committee documents set for declassification and believes that NARA is in possession of all documents subject to the Court's 1977 sealing order.

Accordingly, SCLC respectfully requests that the Court clarify whether

> all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president, Martin Luther King, Jr.; and all known copies of the tapes, transcripts and logs resulting from the FBI's telephone wiretapping, between 1963 and 1968, of the plaintiffs' offices in Atlanta, Georgia and New York, New York, the home of Martin Luther King, Jr., and places of public accommodation occupied by Martin Luther King, Jr.

that are among the Church Committee records set for release are subject to the Court's 1977 sealing order.

Given the potential for release of the Church Committee records beginning October 1, SCLC also respectfully requests that this Court expedite consideration of this motion.

## BACKGROUND

The Church Committee was established on January 27, 1975, to "conduct an investigation and study of governmental operations with respect to intelligence activities and of the extent, if any, to which illegal, improper, or unethical activities were engaged in by any agency of the Federal Government." S. Res. 21, 94th Cong. (1975) (enacted). Specifically, the Church

Committee was tasked to study "the conduct of domestic intelligence and counterintelligence operations against United States citizens by the Federal Bureau of Investigation or any other Federal agency." *Id.* It conducted a sixteen-month investigation and issued its final report on April 29, 1976—prior to the initiation of this lawsuit. S. Rep. No. 94-755 (1976). In the final report, the Church Committee uses the FBI's unlawful surveillance of SCLC and its former president, Dr. King, Jr., as a "case study" and details said surveillance at length. *See* S. Rep. No. 94-755 bk. III, at 79–184 (1976). As a result, the final report cites testimony from relevant personnel and internal FBI memoranda documenting the surveillance of Dr. King and SCLC.

On August 5, 2026, the Senate Select Committee on Intelligence explained that that the Church Committee records "become eligible for public release starting in October 2026 after undergoing a declassification review" and instructed the CIA to "prioritize their declassification." S. Rep. No 119–133, at 12 (Aug. 5, 2026). And "to expedite the declassification process," the Senate Select Committee said it "supports CIA's usage of appropriate AI tools." *Id.*

On September 14, 2026, the parties conferred regarding this potential premature release. SCLC asked the government for its position regarding whether any Church Committee documents fall within this Court's seal and any actions the government was taking to avoid accidental disclosure. The government expressed doubt that any Church Committee documents would fall under the sealing order's jurisdiction but indicated it would investigate the issue. On September 18, the government stated that it had heard from NARA but did not convey what NARA reported. On September 22, the government informed SCLC that NARA was in possession of all documents subject to this Court's sealing order but did not specifically convey whether it believed the 1977 sealing order to apply to any Church Committee records. SCLC informed the government that it would seek clarification from the Court, and the government responded that it would oppose the

motion because the Church Committee records are not in the legal custody of any party to this case.

**POINTS AND AUTHORITIES**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Nat'l Treasury Emps. Union v. Vought*, 816 F. Supp. 3d 1, 6 (D.D.C. 2025) (quoting *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). "[C]ourts in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling." *Id.* (quoting *All. of Artists & Recording Cos. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418–19 (D.D.C. 2016)). A court's clarification provides "certainty to an implicated party's effort to comply with the order and provide[s] fair warning as to what future conduct may be found contemptuous." *Id.* (citing *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984)).

The Church Committee publicly reviewed documents related to the FBI's surveillance of SCLC and Dr. King prior to issuing its report in 1976, and many FBI-provided documents appear in the committee's report. For example, the committee's report cites specific memoranda between FBI employees regarding surveillance of Dr. King from August 1963, October 1963, November 1963, January 1964, August 1964, and December 1964—time periods covered by this court's sealing order. *See* S. Rep. No. 94-755 bk. III, at 81–83 The report likewise specifically references reviewing the content of the "information obtained" from the "wiretap coverage" of SCLC member "Adviser A." *Id.* at 89.

The plain language of the 1977 sealing order embraces any surveillance transcripts, recordings, or logs that the FBI shared with the Church Committee prior to January 1977, and thus any disclosure of these documents as part of the declassification of the Church Committee records

prior to January 31, 2027, would violate this Court's 1977 sealing order. *See* Mem. Op. & Order, Dkt. No. 2-3 at 4. SCLC therefore asks that this Court clarify that the sealing order covers these documents.

The government opposes this motion because it says the Church Committee records are not in the legal custody of any party to this case. But such records are housed at the National Archives, *see* S. Res. 474, 96th Cong. (1980), and set to undergo declassification review by the CIA, *see* S. Rep. No 119–133, at 12. Regardless of legal custody, then, it seems to SCLC that the 1977 sealing order prevents NARA or the CIA from releasing any covered documents prior to its expiration.

This clarification, and the avoidance of premature disclosure, will ensure that the parties have their full opportunity to complete negotiations regarding a plan to minimize harm from the expiration of the Court's sealing order on January 31, 2027. Premature disclosure of documents subject to that Order would disrupt such planning.

Additionally, premature disclosure of any FBI surveillance transcripts, logs, and recordings would deny SCLC the "relief to which [it] is entitled under [its] original action and the judgment entered therein." *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (second alteration in original) (quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)). Such disclosure would be irreparable—the government cannot un-disclose documents once they publish them.

Finally, with the potential premature disclosure authorized to begin as soon as October 1, 2026, under an expedited process facilitated by AI, S. Rep. No 119–133, at 12, SCLC also respectfully requests that this Court consider this motion for clarification on an expedited schedule, and, pursuant to Local Rule 7(b) and Federal Rule of Civil Procedure 6(b), direct the government

to file any opposition by September 28, 2026, with any reply from SCLC due the following day. This schedule will allow the Court to be adequately apprised of all parties' views on the motion for clarification prior to the October declassification of the Church Committee documents and afford the Court time to clarify the scope of the 1977 Order, preventing any violation.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Kellen McCoy*
Kellen McCoy, D.C. Bar No. 90000718
Edward G. Caspar, D.C. Bar No. 1644168
Chavis Jones, D.C. Bar No. 1739219
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel: (202) 662-8600
Email: kmccoy@lawyerscommittee.org
ecaspar@lawyerscommittee.org
cjones@lawyerscommittee.org

*Counsel for Plaintiff*

**RULE 7(m) CERTIFICATE OF CONFERENCE**

I conferred with counsel for the Government about the relief requested in this motion. The Government opposes the request.

*/s/ Kellen McCoy*
Kellen McCoy, D.C. Bar No. 90000718
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel: (202) 662-8600
Email: kmccoy@lawyerscommittee.org