UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE,<br><br>Plaintiff,<br><br>v.<br><br>CLEARENCE M. KELLEY, *et al.*,<br><br>Defendants. | Civil Action No. 76-1186 (RJL) |

**OPPOSITION BY THE UNITED STATES TO THE MOTION FOR CLARIFICATION BY THE SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE**

Plaintiff the Southern Christian Leadership Conference ("SCLC") brought this action against representatives of the Federal Bureau of Investigation ("FBI") in 1976 and, by agreement of the parties, obtained a fifty-year seal on the FBI's records of its surveillance of Dr. Martin Luther King. Now, almost fifty years later, SCLC moves to enlarge that order to cover a nonparty committee of the United States Senate, which has neither appeared in this action nor been afforded the opportunity to offer defenses. Because SCLC's motion presents no exceptional circumstances that would justify altering the order in this way, the motion should be denied. Moreover, the concerns that underlie SCLC's motion are entirely unfounded.

**BACKGROUND**

SCLC filed this action against various officials and agents of the Federal Bureau of Investigation ("FBI") in 1976. Am. Compl. ¶ 3 (ECF No. 2-2).[1] It alleged that, between 1963 and 1968, the FBI unconstitutionally monitored the conversations of SCLC's founder and president,

[1] Another plaintiff, Bernard Lee, who was an associate of Dr. King, brought a related lawsuit. Am. Compl. (ECF No. 2-1). The two cases were considered and decided together.

Dr. Martin Luther King, Jr., and other SCLC employees. *Id.* ¶¶ 5–8. SCLC demanded damages and an order that any recordings of the monitored conversations be produced under a protective order. *Id.* at 5 ¶¶ 1–3.

Judge John Lewis Smith, Jr., granted the government's motion to dismiss. Mem. Op. & Order at 3 (Jan. 31, 1977) (ECF No. 2-3). The Court agreed with the government that the damages claim was barred by the applicable statute of limitations. *Id.* Pursuant to an apparent compromise agreement between the plaintiffs and the government, the Court directed the FBI to "assemble . . . all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president, Martin Luther King, Jr.; and all known copies of the tapes, transcripts and logs resulting from the FBI's telephone wire-tapping, between 1963 and 1968, of the plaintiffs' offices in Atlanta, Georgia and New York, New York, the home of Martin Luther King, Jr., and places of public accommodation occupied by Martin Luther King, Jr." and to "deliver said tapes and documents to the custody of the National Archives and Records Service, to be maintained by the Archivist of the United States under seal for a period of fifty (50) years." Mem. Op. & Order at 3–4 (ECF No. 2-3); *S. Christian Leadership Conf. v. Kelley*, 747 F.2d 777, 778 (D.C. Cir. 1984) (noting that this solution was "acceptable to the defendants"). The Archivist was instructed to preserve such "tapes and documents" and not to disclose them unless ordered to do so. *Id.* at 4. The FBI sought and was granted two extensions of time, ultimately to October 26, 1977, to fully comply with the Court's order. Docket at 4 (ECF No. 1). The FBI delivered the records to the National Archives in batches on April 29, July 28, and October 26, 1977. *Id.* It also provided two supplemental sets of documents on January 23, 1978, and November 6, 1983. *Id.* at 4, 6.

On March 17, 2025, the United States moved to lift the seal so that the records could be reviewed for potential release pursuant to Executive Order 14,176, which directs, among other things, that the Attorney General review records related to the assassination of Dr. King and present a plan "for the full and complete release of these records." 90 Fed. Reg. 8641, 8642 (Jan. 23, 2025). The Court denied the motion to unseal. It noted that the public has an interest in the sealed records but concluded that the parties had agreed to the fifty-year seal and the Court would not cut that short over SCLC's objection, especially given that "the seal causes a mere delay" to the Attorney General's review. Order at 2–3 (ECF No. 16). The Court noted in its order that the seal on the records "expires on January 31, 2027." *Id.* at 2.

Two months later, SCLC moved for a "correction" (ECF No. 17) to the Court's order, arguing that the Court used the wrong date and that the seal on the records would not expire until January 23, 2028. The Court denied that motion because there was no indication that the Court's reference to January 31, 2027, as the expiration date of the seal was a clerical error or mistake. Mem. Order at 3–4 (ECF No. 20). Accordingly, the records will be unsealed in less than four months.

SCLC is now back seeking "clarification" of the Court's original 1977 sealing order. (ECF No. 23). It asks the Court to expand the seal imposed by that order to cover any surveillance tapes or documents that might possibly be within the fifty-year-old files of the Senate Select Committee to Study Governmental Operations with Respect to Intelligence Activities (the "Church Committee")— which has never been a party to this case. The Church Committee was formed in 1975 to "conduct an investigation and study of governmental operations with respect to intelligence activities and of the extent, if any, to which illegal, improper, or unethical activities" were carried out by the government. S. 21, 94th Cong. at 1 (1975). The Church Committee issued

its final report on April 23, 1976, which included a "case study" of the FBI's "extensive surveillance program" directed at Dr. King from 1963 to 1965. S. Rep. No. 94-755 bk. III, at 81.

The Church Committee's records are currently under the control of the Senate Select Committee on Intelligence—which has also never been a party to this case—and became "eligible" for public release in October 2026 but only "after undergoing a declassification review." *See* S. Rep. No. 119-133, at 12 (Aug. 5, 2026); *see also* S. 474, 96th Cong. § 2(a)(1) (1979) (stating that certain "investigative files" of the Senate committees "may be made available for public use" when they "have been in existence for fifty years"). The Church Committee records, like other congressional records, are preserved by the National Archives but remain subject to the control of the house of Congress from which they originated. *See* 44 U.S.C. § 2118.

## ARGUMENT

### I. The Court should not expand the sealing order to enjoin the actions of a nonparty.

SCLC's motion to "clarify" is improper because it would dramatically alter the sealing order to suddenly apply to a nonparty nearly fifty years after it was entered. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation omitted). There is nothing vague about which records the sealing order covers. It unambiguously applies only to the FBI's records and not to "the archival records of the United States Senate Select Committee to Study Governmental Oppression with Respect to Intelligence Activities," to which SCLC's motion would extend it. SCLC's Prop. Order at 1 (ECF No. 23-1). The original order directs only the "Federal Bureau of Investigation" to collect known copies of surveillance tapes and records, for the FBI to deliver "said tapes and documents" to the National Archives, and for "said tapes and records" to be preserved by the National Archives and not disclosed. Mem. Op. & Order at 3–4 (ECF No. 2-3). Thus, the only records that are sealed under the order are the records

collected by the FBI and delivered to the National Archives. That makes sense because the only defendants to this action are officials and agents of the FBI. Am. Compl. ¶ 3 (ECF No. 2-2). Neither the Church Committee nor any other component of Congress has ever appeared in this action or had the opportunity to present defenses against court-ordered relief.[2]

Because SCLC's motion seeks to alter the order rather than to clarify any actual ambiguity and comes nearly fifty years after that order was entered, SCLC could only obtain relief under Federal Rule of Civil Procedure 60(b)(6). Yet it has not even attempted to demonstrate the "extraordinary circumstances" required for relief under that provision. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025). SCLC's motion should therefore be denied.

## II. There is no reason to believe that any FBI surveillance records will be released with the Church Committee files.

Even if SCLC's motion were a proper motion to clarify, the Court should deny it at its discretion because the premise of SCLC's motion—that the Church Committee files contain records that duplicate those sealed by the Court—is not only speculative, it is directly contradicted by the Church Committee's report. The Court's sealing order is directed at the information that the FBI obtained through its surveillance of Dr. King. Mem. Op. & Order at 3–4 (ECF No. 2-3). But the Church Committee's report explicitly says that the committee directed the FBI not to provide any such information to the committee. Its states that, "in order to preclude any further dissemination of information obtained during the electronic surveillance of Dr. King, the Committee requested the FBI to excise from all documents submitted to the Committee any

---

[2] If Congress were a party, it may have asserted, perhaps, that the Speech or Debate Clause deprives federal courts of jurisdiction to enjoin Congressional Committees from releasing their documents. *Jud. Watch, Inc. v. Schiff*, 998 F.3d 989, 991 (D.C. Cir. 2021) (noting that the Clause "provides immunity from both criminal and civil suits" that challenge "legislative acts").

information which was so obtained." S. Rep. No. 94-755 bk. III, at 86. SCLC's motion fails to mention this important prohibition.

There is also no reason to believe that the Church Committee files will be imminently released in the less-than four months remaining on the seal. While the Committee's documents are "eligible" for release beginning in October 2026, they must first undergo a "declassification review." *See* S. Rep. No. 119-133, at 12 (Aug. 5, 2026). The National Archives, which houses the Church Committee records, is currently unaware of any specific plan to release the Church Committee records in the next four months.

## CONCLUSION

For the foregoing reasons, the Court should deny SCLC's motion.

Dated: October 7, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *_/s/ Johnny Walker_*
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2511

*Attorneys for the United States of America*