**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE,

*Plaintiffs*,

v.

CLARENCE M. KELLEY, *et al.*,

*Defendants*.

Civil Action No. 76-1186

**REPLY BY SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE**
**TO THE MOTION TO CLARIFY THE COURT'S ORDER**

Fifty years ago, the Southern Christian Leadership Conference ("SCLC") brought this action following years of targeted FBI surveillance on SCLC and its members, which the FBI admitted to the Senate was "unjustified and improper." *See* S. Rep. No. 94-755 bk. III, at 85 (1976). As the government notes in its opposition, SCLC "obtained a fifty-year seal on the FBI's records of its surveillance of Dr. Martin Luther King." Response at 1, Dkt. No. 25. But since that order, SCLC has been forced to fend off attempts by the government to lift the seal early.

SCLC's current request does not ask the Court to "expand the seal imposed." Response at 3, Dkt. No. 25. The government and SCLC disagree as to whether the Order's instruction—namely, that

> all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president, Martin Luther King, Jr.; and all known copies of the tapes, transcripts and logs resulting from the FBI's telephone wiretapping, between 1963 and 1968, of the plaintiffs' offices in Atlanta, Georgia and New York, New York, the home of Martin Luther King, Jr., and places of public accommodation occupied by Martin Luther King, Jr.

must remain sealed until January 31, 2027—encompasses all such documents that are currently within the custody of the National Archives and Records Administration ("NARA"), including

surveillance records that were transferred to NARA *prior* to 1977 as part of the Church Committee records. On this point, the order is ambiguous. Accordingly, the SCLC simply asks the Court to "clarify something ambiguous or vague" in the original order. *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). Such a request is "encouraged." *Nat'l Treasury Emps. Union v. Vought*, 816 F. Supp. 3d 1, 6 (D.D.C. 2025).

Despite the SCLC's proper request for clarification, the government raises several points without explaining their connection to the clarification motion. For example, the government fails to explain how the timing of this request ("nearly fifty years after that order was entered," Response at 5) alters the analysis. The government has neither cited, nor have we found, any case putting limitations on the period during which parties can seek clarification of an active court order. And that the Senate is not party to this litigation is irrelevant to whether the seal covers all FBI surveillance records as described in the order that are currently in NARA's possession. Finally, since SCLC does not seek to modify the order, SCLC need not bring a Federal Rule of Civil Procedure 60(b)(6) request for relief.

SCLC is heartened to hear the government's representation that the National Archives is "currently unaware of any specific plan to release the Church Committee Records." *Id.* at 6. Regardless, SCLC respectfully requests that the Court clarifies the scope of the 1977 order.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Kellen McCoy*

Kellen McCoy, D.C. Bar No. 90000718
Edward G. Caspar, D.C. Bar No. 1644168
Chavis Jones, D.C. Bar No. 1739219
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K St. NW, Ste. 900
Washington, DC 20005
Tel: (202) 662-8600

Email: kmccoy@lawyerscommittee.org
ecaspar@lawyerscommittee.org
cjones@lawyerscommittee.org

*Counsel for Southern Christian Leadership Conference*