**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Southern Christian Leadership Conference,<br>*Plaintiff*,<br>*v.*<br>Clarence M. Kelley, *et al.*,<br>*Defendants*. | Civil Action No. 76-1186 (RJL) |

**MEMORANDUM ORDER**

November 10th, 2026 [Dkt. #23]

On January 31, 2027, the fifty-year seal on the Federal Bureau of Investigation's surveillance files on Dr. Martin Luther King, Jr. and his associates will expire. *See* Mem. Order [Dkt. #16]. Plaintiff, the Southern Christian Leadership Conference ("SCLC"), has moved to clarify that the Court's 1977 sealing order extends to records from a Senate committee investigation. *See* Mot. to Clarify [Dkt. #23]. This is not the proper subject of a motion to clarify, and in any event the SCLC's concerns appear to be speculative. For these reasons, I will **DENY** the Motion to Clarify.

## BACKGROUND

### I. This Case

My previous two orders recount the history of this case. *See* Mem. Order [Dkt. #16]; Mem. Order [Dkt. #21]. As relevant here, in 1976, the SCLC sued various federal defendants over the Federal Bureau of Investigation's surveillance of Martin Luther King, Jr. from 1963 to 1968. *See* Mem. Order [Dkt. #16] at 1. On January 31, 1977, the district

court ordered that "within ninety (90) days of the date of the entry of this Order, the Federal Bureau of Investigation shall assemble at its headquarters in Washington, D.C., all known copies of the recorded tapes, and transcripts thereof, resulting from the FBI's microphonic surveillance, between 1963 and 1968, of the plaintiffs' former president, Martin Luther King, Jr." along with files "resulting from the FBI's telephone wiretapping." Ex. Mem. Op. & Order ("Mem. Op. & Order") [Dkt. #2-3] at 3–4. The district court further ordered as follows:

> [A]t the expiration of the said ninety (90) day period, the Federal Bureau of Investigation shall deliver to this Court under seal an inventory of said tapes and documents and shall deliver said tapes and documents to the custody of the National Archives and Records Service, to be maintained by the Archivist of the United States under seal for a period of fifty (50) years[.]

*Id.* at 4.

On March 17, 2025, the Government moved to unseal the records before the expiration of the fifty-year period. *See* Mot. to Unseal [Dkt. #2]. I denied the motion. *See* Mem. Order [Dkt. #16]. On January 14, 2026, the SCLC filed a Motion for Correction or Relief from Order Regarding the Expiration of the 1977 Sealing Order [Dkt. #17]. I denied this motion as well. *See* Mem. Order [Dkt. #21].

On September 23, 2026, the SCLC filed a motion to clarify the scope of the Court's 1977 order. *See* Mot. to Clarify the Court's Order and to Expedite Consideration ("Mot.") [Dkt. #23]. The Government opposes. *See* Opp'n by the United States to the Mot. for Clarification ("Opp'n") [Dkt. #25]. On October 14, 2026, the SCLC filed its reply. *See* Reply to the Mot. to Clarify the Court's Order ("Reply") [Dkt. #26]. The motion is ripe.

## II. The Church Committee Files

In 1976, the United States Senate formed the United States Senate Select Committee to Study Governmental Operations with Respect to Intelligence Activities (the "Church Committee"). *See* S. Res. 21, 94th Cong. (1975). The Church Committee was established to "conduct an investigation and study of governmental operations with respect to intelligence activities and of the extent, if any, to which illegal, improper, or unethical activities were engaged in by any agency of the Federal Government or by any persons . . . with respect to any intelligence activity carried out by or on behalf of the Federal Government." *Id.* On April 23, 1976, the Committee released its report, including a case study on the surveillance of Martin Luther King, Jr. *See* S. Rep. No. 94-755, bk. III, at 79–184 (1976).

According to Senate Resolution 474, records of "any committee of the Senate . . . may be made available for public use . . . in the case of investigative files relating to individuals and containing personal data . . . when such files and records have been in existence for fifty years." S. Res. 474, 96th Cong. (1980). On August 5, 2026, the Senate Select Committee on Intelligence announced that the Church Committee records "become eligible for public release starting in October 2026 after undergoing a declassification review." S. Rep. No. 119-133, at 12 (2026). The Senate Select Committee on Intelligence further stated that the committee "supports the expeditious public release of these historically valuable records and directs CIA to prioritize their declassification." *Id.*

## LEGAL STANDARD

"There is no Federal Rule of Civil Procedure specifically governing motions for clarification. The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Nat'l Treasury Emps. Union v. Vought*, 816 F. Supp. 3d 1, 6 (D.D.C. 2025) (cleaned up). "[C]ourts in this circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (listing cases). But a "motion for reconsideration, not a motion for clarification, is proper when a party seeks to alter or modify the result, rather than merely to grasp its meaning or scope in the face of an actual and material ambiguity." *Steele v. United States*, 2023 WL 6215790, at *5 (D.D.C. Sept. 25, 2023) (internal quotation marks omitted).

## ANALYSIS

The SCLC asks me to "clarify" that the Court's 1977 order sealing "all known copies of the recorded tapes, and transcripts thereof" from the FBI's surveillance of Martin Luther King, Jr. "encompasses all such documents that are currently within the custody of the National Archives and Records Administration ('NARA')," including "surveillance records that were transferred to NARA *prior* to 1977 as part of the Church Committee records." Reply at 1–2. In other words, the SCLC fears that the imminent release of the Church Committee records will lead to a premature release of surveillance files subject to the Court's sealing order. The SCLC's concerns appear to be premature, speculative, and in any case are not the proper subject of a motion to clarify.

*First*, the Government states that "[t]here is . . . no reason to believe that the Church Committee files will be imminently released in the less-than four months remaining on the seal." Opp'n at 6. "The National Archives, which houses the Church Committee records, is currently unaware of any specific plan to release the Church Committee records in the next four months." *Id.* The SCLC does not provide any reason to doubt these assertions. Accordingly, the SCLC's motion is premature.

*Second*, the SCLC's concerns are speculative because there is no evidence that the Church Committee records include the "recorded tapes, and transcripts thereof" from the FBI's surveillance of Martin Luther King, Jr. Mem. Op. & Order at 3. The Church Committee's review appears to be based on FBI memoranda and testimony, and the report states expressly that "in order to preclude any further dissemination of information obtained during the electronic surveillances of Dr. King, the Committee requested the FBI to excise from all documents submitted to the Committee any information which was so obtained." S. Rep. No. 94-755, bk. III, at 86; *see also id.* at 81–85 (citing various memoranda).

*Third*, even if some documents sealed by the Court's 1977 order somehow are part of the Church Committee records, the Church Committee records are controlled by Congress, not the FBI, so extending the Court's sealing order to the Church Committee records would require modifying the Court's 1977 order. 44 U.S.C. § 2118 states that congressional records are "subject to the orders of the Senate or the House of Representatives" despite being stored at NARA. The Court's 1977 order was addressed to the FBI. *See* Mem. Op. & Order at 3–4. Any modification of the order would be subject

to the "extraordinary circumstances" standard for reopening under Federal Rule of Civil Procedure 60(b)(6). *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). The SCLC does not attempt to satisfy this standard.

Accordingly, it is hereby **ORDERED** the plaintiff's Motion to Clarify [Dkt. #23] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge